08 CV 6090

Vincent M. DeOrchis
DEORCHIS & PARTNERS
61 Broadway, 26th Floor
New York, N.Y. 10006- 2802
(212) 344-4700
(212) 422-5299 Facsimile
VDEORCHIS@MARINELEX.COM

Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

AGI LOGISTICS, INC.,

and

AGI LOGISTICS USA LLC

                           Plaintiffs,

Vs.

STEVE & BARRY'S LLC

                           Defendant.

-----------------------------------------------------------X

No._____

**COMPLAINT**

    Plaintiffs AGI Logistics, Inc, and AGI Logistics USA LLC including their subsidiaries, (collectively, "AGI"), by their attorneys, DeOrchis & Partners LLP, as and for their Verified Complaint against the Defendant Steve & Barry's LLC (S&B), alleges upon information and belief as follows:

**PARTIES**

1. At all material times Plaintiff AGI Logistics, Inc. and AGI Logistics USA LLC were, and still are, respectively, a corporation and a limited liability company organized and existing under the laws of the State of New York maintaining an office with their principal place of business located at 230-59 International Airport Center Blvd. Suite 230 Jamaica, New York

11413, New York. Both are registered with the New York Secretary of State as doing business in the State of New York.

2. AGI, at all times hereinafter mentioned, was engaged in the business of freight forwarding, ocean carrier, transportation logistics, and customs brokerage services in its headquarters in Queens, New York, in other offices located throughout the United States and in other countries.

3. At all material times, Defendant S&B was, and still is, a company organized and existing under the laws of New York maintaining an office with a principal place of business located at 12 Harbor Park Drive, Port Washington, NY 11050, and is registered with the New York Secretary of State as doing business in the State of New York. S&B, at all times hereinafter mentioned, was engaged in the business of retail clothing sales.

## JURISDICTION AND VENUE

4. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

5. The Plaintiff & Defendant are both amenable to personal jurisdiction in this forum by virtue of their location within this district.

6. Venue is proper under section 34 of AGI's Bill of Lading terms and conditions

## BACKGROUND & CLAIMS FOR RELIEF

7. Beginning on or about 2002, S&B engaged AGI as a freight forwarder and carrier to transport by vessel containers of clothing from foreign countries to S&B's distribution center, pursuant to the standard terms and conditions of AGI's Through Ocean Bill of Lading (Exhibit A).

8. Pursuant to AGI's arrangement and terms, AGI issued freight invoices to S&B for all containers shipped from overseas to the United States.

9. Pursuant to clause 23 of the AGI Bill of Lading, as well as the terms of AGI's freight invoices, S&B was obligated to pay AGI freight for services rendered. Additionally, AGI had the right to exercise a maritime lien against any cargo to satisfy freight charges "and damages of any kind whatsoever" that were due and owing. (Exhibit A).

10. Over the course of the business relationship between the parties, specifically during 2007, S&B encountered payment and financial problems, which led S&B to begin untimely and sporadic payments of AGI's invoices and freight.

11. S&B's financial problems resulted in AGI being forced, in December 2007, to retain the containers of clothing consigned to S&B at various rail yards, port terminals, and other storage facilities, in order to exercise it maritime and contractual liens for unpaid freight, storage and other transport expenses.

### AS FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AS AGAINST DEFENDANT S&B

12. Each and every one of the foregoing allegations is incorporated therein by reference and reasserted as though fully set forth at length.

13. S&B has become delinquent with respect to the payment of freight to AGI, and now owes approximately $2,576,410.62 in freight and other charges to AGI. The total amount, as well as the amount owing on each individual container, is further detailed in Exhibit B. Those amounts continue to accrue daily.

14. Additional cargo consigned to S&B is currently en route to the United States by sea and will in the near future enter into the United States. Plaintiff requests the right to freely amend this

Complaint to include the unpaid freight on those additional Cargos in this proceeding, as those Cargoes are also subject to maritime liens by the Plaintiff.

15. The Bills of Lading, the invoices and the general maritime law provide plaintiff with maritime lien and contractual liens on the Defendant Cargo for the amounts due as stated above.

16. Plaintiff has fully performed all terms and conditions of the Bills of Lading and the Freight Agreement, and has acquired a valid maritime lien against all of the Defendant cargo for an amount totaling $2,576,410.62 which amount continues to accrue, together with costs, interest and legal fees.

**WHEREFORE,** Plaintiff prays:

1. That judgment be entered in favor of Plaintiff for the amount of its claim of $2,576,410.62 together with any accrued amounts, interest, costs, and reasonable attorney's fees;

2. That Plaintiff be awarded prejudgment interest on all sums due; and

3. That Plaintiff has such other and further relief as may be just and proper.

Dated: New York, NY
July 2, 2008

Respectfully submitted.
AGI LOGISTICS, INC. and AGI LOGISTICS USA LLC

Vincent M. DeOrchis (VMD-6515)
DEORCHIS & PARTNERS
61 Broadway, 26th Floor
New York, N.Y. 10006- 2802
(212) 344-4700
(212) 422-5299 Facsimile
VDEORCHIS@MARINELEX.COM